**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| MICHAEL SCOTT, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| WELTMAN, WEINBERG & REIS CO., ) | **COMPLAINT AND DEMAND FOR** |
| L.P.A., ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |

## **COMPLAINT**

MICHAEL SCOTT ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against WELTMAN, WEINBERG & REIS CO., L.P.A. ("Defendant"):

## **INTRODUCTION**

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## **JURISDICTION AND VENUE**

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the State of Delaware and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

1

**PARTIES**

5.      Plaintiff is a natural person residing in Dover, Delaware 19901.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.      In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C.  §1692k(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.      Defendant is a debt collection company with its principal place of business located at 175 South 3rd Street, Suite 900, Columbus, Ohio 43215.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11.     At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

12.     The debt, a U.S. Bank credit card, arose out of transactions that were primarily for personal, family, or household purposes.

13.     As Plaintiff has no business debt, the debt sought by Defendant could have only been personal in nature.

14.     Beginning in August 2012, and continuing through March 2013, Defendant continuously and repeatedly contacted Plaintiff seeking and demanding payment of an alleged debt.

15.     Defendant contacted Plaintiff on his cellular telephone, on average, one (1) to

2

1    three (3) times a day, causing him to receive more than ten (10) collection calls a week.

2    
3         16.    On numerous occasions, Plaintiff informed Defendant to stop calling him, as the

collection calls were unwelcome and not convenient to receive.

4    
5         17.    Further, Plaintiff informed Defendant that he had recently undergone surgery for

a condition in his brain, and lacked financial means to pay the alleged debt.

6    
7         18.    Despite the above facts, Defendant continued to call and did not remove

8    Plaintiff's cellular telephone number from its call queue.

9         19.    Defendant had no reason to disbelieve the information Plaintiff shared, yet

10   threatened to continue calling until the alleged debt was paid.

11        20.    The only purpose to be served by continuing to call under the circumstances was

12   to abuse and harass Plaintiff, knowing the calls were unwanted and that financial constraints

13   prevented Plaintiff from making payments demanded.

14        21.    After being notified that further calls were unwanted, Defendant resorted to

15   trickery, giving exigent reasons in messages to secure Plaintiff's participation in calling back.

16   For example, Defendant stated that it had "important information" for Plaintiff when there was

17   no such information or professing an urgent "need" to speak, when there was nothing urgent

18   Defendant discussed.

19        22.    Defendant's actions in attempting to collect the debt were harassing, deceptive

20   and unfair.

21        **DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**
22                                   **COUNT I**

23        23.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C.

24   §§1692d and 1692d(5).

25             a.    Section 1692d of the FDCPA prohibits debt collectors from engaging in any

3

PLAINTIFF'S COMPLAINT

conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

b. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

c. Defendant violated §1692d and §1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse and harass Plaintiff.

## COUNT II

24.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692e.

a. A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

b. Here, Defendant violated §1692e of the FDCPA by threatening to keep calling Plaintiff until he paid the alleged debt and falsely claiming that it had important information for Plaintiff when in fact it was merely calling to collect a debt.

## COUNT III

25.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692f and 1692f(1).

a. Section 1692f of the FDCPA prohibits a debt collector from using unfair or

4

unconscionable means to collect or attempt to collect any debt.

      b.  Defendant violated §1692f of the FDCPA when it continuously contacted Plaintiff for a debt despite having been instructed to stop calling him and knowing that he did not have the financial means to pay the alleged debt.

WHEREFORE, Plaintiff, MICHAEL SCOTT, respectfully prays for a judgment as follows:

      a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

      b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

      d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MICHAEL SCOTT, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

Date:04/12/2013                  By: */s/ W. Christopher Componovo*
                                  W. Christopher Componovo
                                  Attorney ID #3234
                                  Kimmel & Silverman, P.C.
                                  Silverside Carr Executive Center
                                  Suite 118, 501 Silverside Road
                                  Wilmington, DE 19809
                                  Phone: (302) 791-9373
                                  Facsimile: (302) 791-9476

PLAINTIFF'S COMPLAINT